**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3409
_____

NOLVIA LICETH MONTOYA-AGUILAR,
Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A087-770-974)
Immigration Judge: Michael W. Straus

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2018
_____

Before: McKEE, SHWARTZ, and COWEN, *Circuit Judges.*

(Opinion filed: November 6, 2018)

_____

OPINION*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Nolvia Liceth Montoya-Aguilar petitions for review of the BIA's denial of her untimely motion to reopen removal proceedings.

We review the BIA's denial of a motion to reopen for abuse of discretion.[1] Our review is limited to the BIA's final decision and its reasoning, except to the extent that the BIA expressly adopted a portion of the Immigration Judge's reasoning.[2]

A motion to reopen usually must be filed within 90 days of the date a final order of removal is entered.[3] However, a petitioner can overcome the 90-day time limit by presenting evidence of a material change in country conditions that was unavailable and undiscoverable during the initial proceeding.[4] Evidence of general policies, which do not show a specific likelihood of persecution, are insufficient to satisfy the statutory requirements of the changed conditions exception.[5] Here, the BIA agreed with the IJ's determination that the evidence Montoya-Aguilar submitted to support her motion to reopen demonstrated nothing more than persistent and generalized conditions of violence

---

[1] *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012) (citing *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011).
[2] *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011).
[3] *See* 8 U.S.C. § 1229a(c)(7)(C)(i).
[4] *Id.* at § 1229a(c)(7)(C)(ii).
[5] *See In re S-Y-G-*, 24 I&N Dec. 247, 258 (BIA 2007), *aff'd*, *Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008*); see also Yi Guo Huang v. Att'y Gen.*, 343 F. App'x 811, 814 (3d Cir. 2009) (denying motion to reopen and affirming BIA decision that appellant had not met changed conditions exception by presenting three undated articles describing forced government sterilizations).

against women in Honduras that had not materially changed.[6]  Although the conditions in

Honduras certainly appear to be deplorable, we agree that the record does not meet the

legal requirement of demonstrating changed country conditions that would have allowed

her to file a motion to reopen after the 90-day time limit expired.

We therefore conclude that the BIA did not abuse its discretion and we must deny

the petition for review.[7]

---

[6] The BIA explained "[t]he respondent has not shown worsening country conditions or circumstances for women in Honduras. Rather, the evidence indicates that violence against women in Honduras has been, and is widespread."  J.A. at 33, Oct. 10, 2017.

[7] Although we deny Montoya-Aguilar's petition based on her failure to establish changed country conditions, we note that the BIA's denial of her motion is also supported by the IJ's negative credibility determination and her failure to establish membership in the statutorily required "particular social group" that is a condition of qualifying as a "refugee" for purposes of asylum and withholding of removal. Montoya-Aguilar had to establish a *prima facie* case of eligibility for relief before the BIA considered reopening her appeal.  *INS v. Abudu,* 485 U.S. 94, 104-05 (1988).